UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STATE FARM GENERAL
INSURANCE COMPANY,

Plaintiff,

v.

ADT LLC; and DOES 1 to 20, inclusive,

Defendants.

No. 2:18-cv-03149-MCE-AC

**MEMORANDUM AND ORDER**

Through the present lawsuit, Plaintiff State Farm General Insurance Company ("State Farm") claims damages against Defendant ADT LLC ("ADT"), a company which provides alarm-monitoring services, on grounds that an alarm system installed by ADT on property owned by State Farm's insureds failed to function properly when a burglary and fire occurred. As a result of that failure State Farm seeks to recoup from ADT monies it became obligated to pay under its insurance policy.

Now before the Court is ADT's Motion to Dismiss State Farm's First Amended Complaint ("FAC") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, ADT's Motion is GRANTED with leave to amend.[2]

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

1

# BACKGROUND[3]

According to the FAC, on or about May 7, 2017 a burglary and subsequent arson took place at property located at 3717 Ninth Avenue in Sacramento, California. That property was leased by its owners, Bella Agrawal and Thomas Bzoskie, to Jonathan Hernandez and Nicole Hernandez. After assuming occupancy of the premises, the Hernandezes had ADT install a burglar alarm for protection purposes. Although intruders entering the property on the day of the burglary activated the alarm system, neither the police nor the tenants were notified and law enforcement did not arrive at the property until after the home was set on fire and a neighbor dialed 911.

State Farm issued a policy of insurance to the owners of the property and, as a result of the burglary and fire, paid its insureds at least $188,356.28 in damages. State Farm claims that the theft and arson occurred because ADT failed to notify either the police or tenants of the alarm activity in a timely manner. Plaintiff subsequently sued to recover those monies, and the operative FAC includes causes of action for negligence, gross negligence, and breach of implied warranties against ADT as a result of its alleged failures.

ADT moves to dismiss on grounds that State Farm's subrogation claim fails because the FAC fails to allege that ADT owed any duty to State Farm's insureds, Ms. Agrawal and Mr. Bzoskie, as opposed to the Hernandezes who obtained the system. According to ADT, State Farm lacks any standing to sue and its lawsuit should be dismissed. Alternatively, ADT asks the Court to interpret the terms of its alleged monitoring contract and find that State Farm cannot assert any claim to recoup the monies it paid in any event. Finally, to the extent State Farm purports to allege claims grounded in negligence, ADT alleges that State Farm does not recognize a common-law duty on the part of security companies to provide adequate alarm-monitoring services.

---

[3] The following recitation of facts is taken, sometimes verbatim, from State Farm's FAC. ECF No. 4.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the moving party. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2)…requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs…have not nudged their claims across the line from conceivable to plausible, their complaint

3

must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Although review of a Rule 12(b)(6) motion to dismiss is generally confined to the complaint, the Court may consider documents referenced therein, but not attached to, the complaint. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). A statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint. See Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987).

A court granting a motion to dismiss a complaint must decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant,…undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment…." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminent Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party…carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint…constitutes an exercise in futility….")).

///
///
///

4

**ANALYSIS**

As ADT points out, the language of the FAC expressly recognizes that State Farm seeks indemnity for the $188,356,28 it claims to have paid to date as a result of the burglary and arson "by way of a subrogation claim." FAC, ¶ 18. It is axiomatic that in a subrogation action, an insurer like State Farm stands in the shoes of its insureds and therefore does not enjoy greater rights than its insureds. Allstate Ins. Co. v. Loo, 46 Cal. App. 4th 1794, 1799 (1996) ("When standing in the insureds shoes as the analogy indicates, the insurer has no greater rights than the insured would have, and for that reason is subject to the same defenses assertable against the insured/subrogor."). According to ADT, because it was the Hernandezes that had the alarm system installed, and not the owners of the property (and State Farm's insureds), the FAC fails to identify any duties owed by ADT to State Farm's insureds that State Farm can now assert through this subrogation lawsuit. The Court agrees.

State Farm's FAC alleges only that "[a]fter occupying the property, the tenants had ADT . . . install a burglar alarm system within the subject property." FAC, ¶ 7. The FAC provides no explanation as to how any duties and/or obligations stemming from that burglar alarm system inured to the benefit of State Farm's insureds as owners of the property.[4] Absent any such explanation, State Farm has failed to show how ADT owed any duty to its insureds that State Farm can claim by way of subrogation. Accordingly, State Farm's claims as presently constituted must be dismissed, although since no amendment has yet been permitted by the Court, State Farm will be given another opportunity to state a viable claim.

In an apparent attempt to argue that no leave to amend should be permitted, ADT contends that in the event State Farm's insureds are deemed to be third-party

---

[4] While State Farm's Opposition asserts that ADT "undertook a duty" not just to its customers, the Hernandezes, but also to State Farm's insureds to install working equipment and to monitor the burglar alarm properly (see Opp., 5:13-17) even the Opposition provides no further explanation as how any such duty attaches to State's Farm's insureds as the owners of the property.

beneficiaries to the protections allegedly afforded by the alarm monitoring system, State Farm's insureds must also be bound by the terms of the Hernandez' contract with ADT. See Mercury Cas. Co. v. Maloney, 113 Cal. App. 4th 709, 803 (2003) ("[T]he third party beneficiary's rights under the contract are subject to the conditions imposed therein."), citing Van Tassel v. Superior Court, 12 Cal. 3d 624, 626 (1974). ADT's Opposition consequently attaches, as Exhibit A, the Residential Services/Retail Installment Contract ("Contract") it entered into with the Hernandezes for purposes of providing alarm-monitoring services. That Contract was not, however, attached as an exhibit to State Farm's FAC.

As indicated above, review of a Rule 12(b)(6) motion to dismiss is generally confined to the four corners of the complaint. The Court can nevertheless consider documents referenced therein, but not attached to, the complaint. See Knievel v. ESPN, 393 F.3d at 1076. Here, while ADT apparently asserts that its Contract falls within that exception, examination of the FAC indicates that State Farm has carefully avoided any reference to any underlying written agreement for security services.[5] All it says is that "[a]fter occupying the property, the tenants had ADT…. install a burglar alarm system." FAC, ¶ 6. While admittedly vague, there is nonetheless no reference in the FAC to ADT's Contract, and consequently ADT cannot ask the Court to consider the terms of that Contract within the confines of a motion to dismiss under Rule 12(b)(6).

Having determined that the FAC fails to demonstrate any fundamental standing to sue on State Farm's part in this litigation, the Court need not address ADT's additional argument that California law fails to recognize any general duty on behalf of a security company to properly monitor and respond to a customer's alarm system. The Court does note, however, that pertinent authority does appear to preclude claims for both negligence and gross negligence on grounds that no predicate duties are owed in this instance. See, e.g., Fireman's Fund Ins. Co. v. Morse Signal Devices, 151 Cal. App. 3d

---

[5] This omission is perhaps not surprising since the FAC omits the breach of contract claims pled by State Farm in its initial complaint.

6

681, 687 (1985) (alarm company not liable for negligence or gross negligence because any duty owed by an alarm company is premised not upon any common-law duty of care but instead upon the company's failure to provide agreed-upon services in a contractual relationship); see also Valenzuela v. ADT Sec. Sers., Inc., 820 F. Supp. 2d 1061, 1072 (C.D. Cal. 2010) ("Plaintiffs have not pointed to, nor has this Court found, a single course in which a court held . . . that an alarm company's failure to notify the relevant parties of a received burglar alarm signal created a duty outside of the contract and therefore constituted [ ] negligence.").

## CONCLUSION

For the foregoing reasons, Defendant ADT's Motion to Dismiss, ECF No. 7, is GRANTED on grounds that State Farm has not demonstrated any standing to pursue this lawsuit. Should State Farm wish to do so, it may file a Second Amended Complaint not later than twenty (20) days from the date this Memorandum and Order is electronically filed. Failure to file a further amended pleading within those time parameters will result in this action being dismissed without leave to amend upon no further notice to the parties.

IT IS SO ORDERED.

Dated: May 13, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE